**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SWATCH S.A. a/k/a SWATCH A.G.; and THE SWATCH GROUP (U.S.) Inc., <br><br> Plaintiffs, <br><br> v. <br><br> MARLUS, INC., INVERSIONES JEVM, INC., a.k.a. JEVM, INC., ALEJANDRO GENTA, MARTHA H. GENTA, JORGE EDWIN VILLEGAS MUNOZ, JOHN and JANE DOE 1-10, and JOHN DOE CORPORATIONS 1-10, all whose true names are unknown <br><br> Defendants. | Civil Action No.: 09-22125 <br><br> Judge: Moreno/Torres |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This matter, having come for consideration upon the Plaintiffs Swatch S.A. a/k/a Swatch A.G. ("Swatch") and The Swatch Group (U.S.) Inc.'s ("Plaintiffs") Complaint for trademark infringement, copyright infringement, patent infringement and related causes of action based on Defendants Marlus, Inc., Inversiones JEVM, Inc., also known as JEVM, Inc., Martha H. Genta, Alejandro Genta, and Jorge Edwin Villegas Munoz's acts of unlawful importation, material alteration and offering for sale and sale of infringing SWATCH-branded goods, and Plaintiffs and Inversiones JEVM, Inc., also known as JEVM, Inc. and Jorge Edwin Villegas Munoz (the "JEVM Defendants") now having represented to this Court that they have settled their differences, individually and collectively hereby agree to entry of the within Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over each of the parties to this Consent Judgment, and over the subject matter in issue. Venue is proper in this Court.

2. The JEVM Defendants, individually and collectively, have infringed and/or have induced or and/or contributed to infringement of one or more of the rights owned by Plaintiffs and set forth in Exhibit 1, a copy of which is attached hereto ("Plaintiffs' Intellectual Property").

3. The JEVM Defendants, individually and collectively, acknowledge that Plaintiffs' Intellectual Property is valid and enforceable.

4. The JEVM Defendants, individually and collectively, and their parents, affiliates, subsidiaries, agents, servants, employees, partners, business entities, attorneys, and/or persons controlled directly or indirectly by the JEVM Defendants or acting on their behalf or in concert with them and all those person in active concert or participation with them or any one of them are HEREBY ENJOINED from the sale, transfer, importation, offering for sale, advertisement (including online advertisement via the Internet), movement, distribution and/or marketing of any products constituting, embodying or bearing the Plaintiffs' Intellectual Property and/or rendering of any assistance whatsoever in the sale, transfer, importation advertisement, movement, modification, manufacture or distribution of such products or products colorably resembling any of Plaintiffs' Intellectual Property.

5. The JEVM Defendants, individually and collectively, represent that they have permanently ceased and desisted from importation, distribution, advertisement, and/or promotion of timepieces or other goods constituting, embodying or bearing any of the Plaintiffs' Intellectual Property.

6. The JEVM Defendants, individually and collectively, represent that they have permanently ceased and desisted from importing, selling, distributing, advertising, and/or promoting timepieces or other goods constituting, embodying or bearing any of the Plaintiffs' Intellectual Property and further warrant and represent that they have ceased and desisted all activities enabling such activities listed above.

7. This Consent Judgment shall be binding on and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each party.

8. Jurisdiction is retained by this Court over the parties and the subject matter for the purpose of enforcing compliance with the terms stated herein and for enabling the parties to apply to this Court for further

orders and to remediate violations hereof. Upon finding a party to be in violation of a provision of this Consent Judgment, the Court will issue an order directing the violating party to comply with the violated provisions. Any such application to enforce the terms hereof may be served on the parties' respective counsel by reputable overnight courier at counsel's address existing at such time. In the event that any of the Defendants is found by the Court to have violated or to be in default of paragraph 4 of the Consent Judgment then the Court shall also assess liquidated damages of $300.00 per unit of product, and award reasonable attorneys fees and costs for the enforcement of the Order, including investigative fees and expenses.

9. This Consent Judgment conclusively resolves all claims as to all parties. This Consent Judgment shall be entered without the taxation of costs, damages or attorneys fees.

DONE AND ORDERED in Chambers at Miami, Florida this _5_ day of April, 2010.

_____
FEDERICO A. MORENO
United States District Judge